112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ueon C. BAK, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, Defendant-Appellee.
 No. 96-55658.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ueon C. Bak appeals the district court's judgment in favor of the Postmaster following a bench trial in Bak's action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633(a). Bak contends that the district court clearly erred by finding that he had not timely withdrawn his resignation, thereby failing to establish a prima facie case of age discrimination under the ADEA. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's findings of fact for clear error. See Heller v. Ebb Auto Corp., 8 F.3d 1433, 1438 (9th Cir.1993).
 
 
 4
 Bak contends that the district court committed clear error when it found that he had failed to rescind his resignation before its effective date.[1] This contention lacks merit.
 
 
 5
 The district judge determined that Bak's employment was terminated due to the untimeliness of his attempted rescission on the basis of the following evidence: the credibility and testimony of Peggy Oliver, the manager of employment and development at the Post Office branch where Bak was employed; Bak's unsubstantiated testimony that he had submitted a written rescission to his resignation prior to its effective date; Bak's prior resignations from the Postal Service, all of which he had been permitted to rescind while over the age of forty; and the ages of Bak's postal supervisors.
 
 
 6
 When factual findings are based on determinations regarding the credibility of witnesses, this court gives due regard to the trial judge's findings. See Fed.R.Civ.P. 52(a); Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). Here, because the district court's credibility determinations and factual findings are adequately supported by the record, it cannot be said that the district court clearly erred. See Heller, 8 F.3d at 1438; see also Concrete Pipe & Prod. v. Construction Laborers Pension Trust, 508 U.S. 602, 623 (1993) (holding review under the clearly erroneous standard is significantly deferential, requiring reversal only if there is a "definite and firm conviction that a mistake has been committed").
 
 
 7
 Bak, who was 46 years old when he attempted to rescind his resignation, also appears to contend that the district court erred when it held that he had not established a prima facie case of age discrimination pursuant to 29 U.S.C. § 633(a). At trial, the only evidence of age discrimination was Bak's own testimony that Oliver told him that he was too old to be working at the Post Office. This testimony, however, was rejected by the district court. See Fed.R.Civ.P. 52(a); Anderson, 470 U.S. at 575. Based on our conclusion that the district court did not clearly err in finding that Bak's employment was terminated due to his untimely attempt to rescind his resignation, we agree that Bak failed to establish a prima facie case of age discrimination. See Heller, 8 F.3d at 1438 (stating that determination of whether a plaintiff has established a prima facie case is reviewed de novo); Concrete Pipe & Prod., 508 U.S. at 623.
 
 
 8
 Accordingly, the district court's judgment is hereby AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The policy of the United States Postal Service is to allow employees to resign at their discretion. Once a resignation is submitted, it is accepted and binding unless the employee withdraws his resignation request prior to the effective date of the resignation